UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TAX LIABILITY OF JOHN DOES. | Case No. 21-cv-02201-JCS<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 1 |

The United States has filed a petition to authorize service of an Internal Revenue Service ("IRS") "John Doe" summons to the cryptocurrency exchange Payward Ventures Inc. d/b/a/ Kraken ("Kraken") and its subsidiaries under 26 U.S.C. § 7609(f), to aid in assessing the potential tax liability of Kraken users. That statute provides as follows:

> Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—
>
> (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
>
> (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
>
> (3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.
>
> The Secretary shall not issue any summons described in the preceding sentence unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons referred to in paragraph (2) to comply with one or more provisions of the internal revenue law which have been identified for purposes of such paragraph.

26 U.S.C. § 7609(f).

The United States has likely made a sufficient showing of the first three elements of the statute to warrant issuance of at least some form of summons. *See generally* Cincotta Decl. (dkt. 1-2); *In re Tax Liability of John Does*, 671 F.2d 977 (6th Cir. 1982). The Court has concerns, however, with respect to scope.

In addition to basic registration, identification, and transaction information, the proposed summons seeks broad categories of information such as "complete user preferences," "[a]ny other records of Know-Your-Customer due diligence," and "[a]ll correspondence between Kraken and the User or any third party with access to the account pertaining to the account," among other similarly expansive requests. *See* Prop'd Summons (dkt. 1-3) at ECF p. 13.[1] The IRS relies on Supervisory Internal Revenue Agent Karen Cincotta's declaration to support its request. Although Cincotta addresses each category of information sought, her explanations for some of them rest on conclusory assertions that such information "may be relevant in determining, and verifying, the identity of the account user" or "revealing other accounts controlled by the same user." *See, e.g.*, Cincotta Decl. ¶ 99 (addressing correspondence).

Addressing the analogous standard of whether information sought is "relevant" in a post-issuance challenge under *United States v. Powell*, 379 U.S. 48 (1964), to enforcement of an IRS summons issued to another cryptocurrency exchange, the Honorable Jacqueline Scott Corley rejected the IRS's position that similarly broad categories of information were relevant, and held that the IRS should first review basic user information and transaction histories before determining whether further subpoenas—either to the cryptocurrency exchange or to individual users—were necessary. *United States v. Coinbase, Inc.*, No. 17-cv-01431-JSC, 2017 WL 5890052, at *6–7 (N.D. Cal. Nov. 28, 2017).

The United States is therefore ORDERED TO SHOW CAUSE why its petition should not be denied for failure to meet the "narrowly tailored" requirement of 26 U.S.C. § 7609(f), by filing a response to this order (which may include an amended petition or summons) no later than

---

[1] Due to the relatively complex structure of attachments-to-attachments submitted in support of the petition, each with its own page numbering scheme, the Court cites this document using the page numbers assigned by the ECF filing system.

April 14, 2021. Any such response must specifically address why each category of information sought is narrowly tailored to the IRS's investigative needs, including whether requests for more invasive and all-encompassing categories of information could be deferred until after the IRS has reviewed basic account registration information and transaction histories. After the United States has filed its response, the Court will determine whether to set a hearing.

**IT IS SO ORDERED.**

Dated: March 31, 2021

JOSEPH C. SPERO
Chief Magistrate Judge